UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
APR 26 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

GARY ANDREW BOYD,

    Plaintiff,

v.                                                        ACTION NO. 2:14cv196

DR. NEGASH TESEMMA, *et al.*,

    Defendants.

### DISMISSAL ORDER

On May 5, 2014, Plaintiff, a Virginia inmate, filed this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Specifically, Plaintiff claims that Defendants have violated his Eighth Amendment rights, as well as his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by providing him inadequate medical care. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (Compl. at 29-30, ECF No. 1; *see also* ECF No. 8.)

### I.    Procedural History

After Plaintiff was granted leave to proceed *in forma pauperis*, Defendants filed a motion to dismiss and memorandum in support. (ECF Nos. 28, 29.) By Order entered on January 12, 2016, the Court granted Defendants' motion to dismiss as to Plaintiff's ADA claim, denied it as to Plaintiff's Eighth Amendment claim, and requested that dispositive motions be filed within forty-five (45) days. (ECF No. 37.) On February 9, 2016, Defendants filed a motion for summary judgment, and a memorandum, affidavits, and exhibits in support thereof. (ECF Nos. 40, 41.) Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Plaintiff was

provided an opportunity to respond to Defendants' motion. Plaintiff has filed a response. (ECF No. 46.) Accordingly, this matter is ripe for judicial consideration.

## II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate only when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir. 2004). The moving party has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004); *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 718 (4th Cir. 2003); *see Celotex Corp.*, 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Honor*, 383 F.3d at 185; *McLean*, 332 F.3d at 718-19. Such facts must be presented in the form of exhibits and sworn affidavits. *Celotex Corp.*, 477 U.S. at 324; *see also M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993). Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.[1]

Although a court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 668, 671 (E.D. Va. 2004). Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. *See Anderson*, 477 U.S. at 252.

In support of their motion for summary judgment, Defendants have submitted their respective declarations (ECF No. 41-1 ("Tesemma Decl."); ECF No. 41-7 ("Freeman-Hicks Decl."); ECF No. 41-8 ("Moore Decl.").) Defendants have also submitted copies of Plaintiff's medical records. (ECF Nos. 41-2 through 41-6 ("Medical Records").)

At this stage, the Court must determine whether Plaintiff "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). In his Complaint, Plaintiff states that: "I, Gary A. Boyd, the Plaintiff in this case, swear or affirm,

---

[1] Amendments to the Federal Rules of Civil Procedure, which became effective on December 1, 2010, moved the relevant language from section (c)(2) of Rule 56 to its present location in section (a). However, the advisory committee's note indicates that, despite these amendments, "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee's note.

under penalty of prosecution for perjury, that the foregoing is true and correct to the best of my knowledge and belief . . . ." (Compl. at 30.) This statement fails to transform the allegations in the Complaint into admissible evidence. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *2-3 & n.5 (E.D. Va. June 1, 2011) (treating statements sworn to under penalty of perjury, but made upon information and belief as "'mere pleading allegations'" (quoting *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001))).

In his response opposing summary judgment, Plaintiff states: "I declare under penalty of perjury under the laws of the U.S.A. that the foregoing is true and correct." (ECF No. 46 at 25.) Given this, the Court will construe Plaintiff's response as an affidavit for summary judgment purposes. *See Hall v. Hopkins*, No. 7:10-cv-00393, 2011 WL 6046610, at *3 (W.D. Va. Dec. 5, 2011) (treating inmate's response, sworn under penalty of perjury, in the same manner).

### III. Summary of the Evidence

#### A. Evidence Pertaining to Defendant Tesemma

##### 1. Defendants' Assertions

Defendant Dr. Negash Tesemma is a doctor of osteopathy employed at Sussex II State Prison ("SIISP"). (ECF No. 41-1 ("Tesemma Decl.") ¶ 2.) Dr. Tesemma has "had extensive training, education and experience assessing and treating patients with chronic low back conditions, chronic shoulder pain, and nerve pain." (*Id.*)

Dr. Tesemma treated Plaintiff at SIISP through April 2014. (*Id.* ¶ 6.) In July 2011, an orthopedic specialist determined that Plaintiff was not a candidate for spinal surgery. (*Id.* ¶ 5.) Plaintiff "had disc bulges at L2-L3, L3-L4, and L4-L5, all without significant spinal stenosis or neuroforaminal narrowing." (*Id.* (citing Medical Records at 595-96).) With evidence of

stenosis and narrowing, medical providers, including Dr. Tesemma, "had to judge [Plaintiff']s pain based on his objective signs and symptoms of pain, including vital signs and the appearance of distress in connection with other clinical findings." (*Id.* ¶ 6.)

During the time that he provided treatment to Plaintiff, Dr. Tesemma "prescribed many pain medications . . ., including Vicodin, Gabapentin, Hydrocodone, depomedrol injections, Ultram, and Pamelor, obtained X-rays, and prescribed him a cane to assist him with walking." (*Id.* ¶ 4.) Plaintiff "continually asked for better pain medications." (*Id.* ¶ 5.) On one occasion, Plaintiff "stated that Tylenol, Pamelor, and Neurontin were not enough for his pain." (*Id.*) Determining Plaintiff's degree of pain was "challenging since there is a secondary market for pain medications" in the correctional environment. (*Id.* ¶ 6.) In Dr. Tesemma's "medical judgment, during the time [he] saw [Plaintiff], [Plaintiff] did not exhibit objective signs or symptoms of pain to justify more pain medications than he was prescribed." (*Id.*)

Dr. Tesemma treated Plaintiff on multiple occasions from 2012 until 2014. (*Id.* ¶ 7.) During several occasions, Plaintiff complained of excruciating pain, but had normal vital signs and did not appear to be in acute distress. (Medical Records 398, 405, 442-43, 463, 464, 472, 473, 477.) During this time, Dr. Tesemma treated Plaintiff for his pain and prescribed Pamelor, Tylenol, Salsalate, Neurontin, Vicodin, Robaxin, Ibuprofen, Flexeril, Baclofen, Epsom salt, analgesic balm, depomedrol, lidocaine, and Ultram. He also referred Plaintiff to an orthopedist and ordered a helper aid for Plaintiff on commissary days. (*See id.* at 393-94, 396-98, 401, 403, 407, 413, 416, 418, 420, 422-24, 426, 428, 431, 433-34, 440, 460, 465, 468-69, 472-73, 476.)

On July 28, 2013, Plaintiff saw a nurse after indicating that he had injured himself "getting out of the shower when his cane slipped." (Tesemma Decl. ¶ 7cc (citing Medical Records at 418).) Plaintiff had an elevated pulse and slightly swollen hand, but normal

respiration and blood pressure.  (*Id.*)  Dr. Tesemma ordered "Motrin for pain for seven days, ice, elevation of the hand, avoidance of strenuous exercise, scheduling for an X-ray of the back, left hand, hip and possibly knee."  (*Id.*)  Two days later, Dr. Tesemma "noted that the rubber stump was worn off of [Plaintiff's] cane."  (*Id.* ¶ 7dd.)  On October 29, 2013, Dr. Tesemma requested a pass for Plaintiff to have a tall wooden cane.  (*Id.* ¶ 7jj.)

### 2. Plaintiff's Assertions

Plaintiff asserts that before Dr. Tesemma became his primary caretaker, he was prescribed "timely and regular dosages of effective pain medications for the most part."  (ECF No. 46 at 4.)  He contends that his condition has become worse since being treated by Dr. Tesemma.  (*Id.*)  Plaintiff states that "there are currently prisoners . . . with less severe medical conditions . . . who are approved regular outside visits to specialists and prescription[s] to Neurontin, both of which Plaintiff is denied."  (*Id.* at 5.)  Overall, Plaintiff disputes Dr. Tesemma's medical judgments and conclusions.  (*See id.* at 7-21.)

## B. Evidence Pertaining to Defendant Hicks

### 1. Defendants' Assertions

Defendant Shawlawn Freeman-Hicks is a registered nurse who was employed at SIISP during the time period relevant to Plaintiff's Complaint.  (Freeman-Hicks Decl. ¶ 2.)  Freeman-Hicks "did not deliberately fail to order or cause anyone to fail to order any medications or accommodations for [Plaintiff]."  (*Id.* ¶ 3.)  She "did not do all of the ordering of medications or canes for Sussex II in 2013 and 2014," and she does not recall what medications or accommodations she ordered for Plaintiff.  (*Id.*)  She does not recall being asked to order any canes or medications for Plaintiff.  (*Id.*)

6

Freeman-Hicks asserts that her involvement with Plaintiff was limited to responding to his grievances. (*Id.*) On April 16, 2013, Plaintiff submitted an Informal Complaint that he had still not received his new cane. (*Id.* at 5.) Freeman-Hicks responded that standard canes were available for Plaintiff to try, even though Dr. Tesemma had ordered that Plaintiff receive a tall cane. (*Id.*) She also informed Plaintiff that "medical could provide a tip for his cane." (Freeman-Hicks Decl. ¶ 3.) Plaintiff "refused these options." (*Id.*) While the Department of Corrections did hold "at the last grievance level that [Plaintiff] should have a tall cane," Freeman-Hicks does not recall "being involved at that stage of the grievance process." (*Id.*)

### 2. Plaintiff's Assertions

Plaintiff contends that Freeman-Hicks was aware that Dr. Tesemma had twice ordered that Plaintiff receive a tall cane. (ECF No. 46 at 24.) She was also aware that Plaintiff "is over six feet tall and overweight, and that he slipped from under his cane <u>twice</u>, causing him injury and worsening his spine, because his cane was too short." (*Id.*)

### C. Evidence Pertaining to Defendant Moore

### 1. Defendants' Assertions

Defendant Tera Moore is a registered nurse who was employed at SIISP during the time period relevant to Plaintiff's Complaint. (Moore Decl. ¶ 2.) She "did not verify that every inmate's medications on every occasion were ordered or received." (*Id.* ¶ 4.) Medication "[o]rders were submitted to the pharmacy." (*Id.*) She "did not do all of the ordering of medications or canes for Sussex II in 2013 and 2014," and does not recall being asked to order any canes or medications for Plaintiff. (*Id.*) Moore "did not deliberately fail to order or cause anyone to fail to order any medications or accommodations for [Plaintiff]." (*Id.*) If she had been asked to order medications or a cane for Plaintiff, she would have done so. (*Id.*)

Moore asserts that her involvement with Plaintiff was limited to responding to Plaintiff's grievances. (*Id.*) For example, on June 21, 2013, Plaintiff submitted an Informal Complaint stating that Dr. Tesemma had referred him to an orthopedic specialist and a neurosurgeon, but that Plaintiff had not yet seen those specialists. (*Id.* at 3.) Moore responded that Plaintiff's record did not reflect that Dr. Tesemma had made such referrals. (*Id.*)

### 2. Plaintiff's Assertions

Plaintiff contends that Moore is "not being truthful when she implies being ignorant to Plaintiff's complaints of medications not being ordered, renewed, or dispense[d] in a timely manner." (ECF No. 46 at 22.) Plaintiff states that while Moore may not have answered all of Plaintiff's grievances, "she received and was aware of them and had a duty to act." (*Id.*) Plaintiff indicates that Moore's assertion that Dr. Tesemma did not refer him to see specialists conflicts with Dr. Tesemma's declaration as well as his medical records. (*Id.* at 22-23.) Moreover, Plaintiff contends that Moore refused to comply with Dr. Tesemma's order that Plaintiff receive a new tall cane. (*Id.* at 23.)

## IV. Eighth Amendment—Inadequate Medical Care

To survive a motion for summary judgment on an Eighth Amendment claim, Plaintiff must demonstrate that Defendants acted with deliberate indifference to his serious medical needs. *See Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to

his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show that the official in question subjectively recognized a substantial risk of harm . . . . [and] that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a

prisoner's complaint regarding medical care, the Court is mindful that, "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

### A. Dr. Tesemma

Plaintiff contends that Dr. Tesemma violated his Eighth Amendment rights by "on multiple instances fail[ing] to recommend, approve, order, and renew adequate treatment, and in a timely manner." (Compl. at 6.) Specifically, Plaintiff claims that Dr. Tesemma "has failed to provide adequate alternate pain medications" because his current medications are not "adequately addressing his chronic pain." (*Id.* at 3.) Plaintiff further claims that Dr. Tesemma has failed to renew his medications in a timely manner. (*Id.*)

Plaintiff's primary contention is that Dr. Tesemma provided inadequate pain medication for his conditions. "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Plaintiff has failed to demonstrate any extreme circumstances here. *See, e.g., Martinez v. Mancusi*, 443 F.2d 921, 923-25 (2d Cir. 1970) (granting relief when prison doctor prematurely forced inmate, without pain medication, to walk out of hospital and stand for meals after inmate had leg surgery for which hospital specialist had ordered him to lie flat and not to walk). Rather, the record reflects that Dr. Tesemma used his

medical judgment to determine the types and amounts of pain medication to prescribe to Plaintiff. Plaintiff simply fails to demonstrate that Dr. Tesemma acted with deliberate indifference by failing to provide more pain medication. *See Diaz v. Turner*, 160 F. App'x 360, 362-63 (5th Cir. 2005) (finding disagreement with decision by medical personnel not to provide inmate with nonprescription medication on demand fails to constitute deliberate indifference); *Reyes v. Gardener*, 93 F. App'x 283, 285 (2d Cir. 2004) (concluding defendants' decision to prescribe Tylenol or Motrin to manage prisoner's pain and to administer Demerol or morphine only when necessary did not constitute deliberate indifference).

Plaintiff also alleges that Dr. Tesemma failed to renew his medications in a timely manner. (Compl. at 3, 6.) However, the record reflects that Dr. Tesemma renewed Plaintiff's prescriptions several times during the time that he treated Plaintiff. Even so, Plaintiff fails to demonstrate that Dr. Tesemma acted with deliberate indifference by failing to renew Plaintiff's medications or that any such delays caused Plaintiff substantial harm. *See Webb v. Hamidullah*, 281 F. App'x 159, 166-67 & n.13 (4th Cir. 2008) (explaining that were an Eighth Amendment claim is predicated on a delay in the provision of medical care, the plaintiff must demonstrate "'that the delay resulted in substantial harm'" (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000))).

Throughout his response, Plaintiff asserts his disagreement with the type of treatment Dr. Tesemma provided. However, Plaintiff's assumptions regarding Dr. Tesemma's treatment decisions, unsubstantiated by materials in the record, do not suffice to create a genuine issue of material fact. *See Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (observing that a nonmoving party cannot "'create a genuine issue of material fact through mere speculation'" (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985))). Moreover, Plaintiff's conclusory statements do not indicate that he is competent to testify regarding medical matters. *See Pearson*

11

*v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (holding that a prisoner "wholly lacking in medical knowledge" may not give expert medical testimony). Overall, Plaintiff simply disagrees with the course of treatment provided to him by Dr. Tesemma. This disagreement, however, is insufficient to support a claim that his Eighth Amendment rights have been violated. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6). Quite simply, Plaintiff is not entitled to the medications and treatment of his choosing. *Hudson*, 503 U.S. at 9. Given this, the record before the Court fails to establish that Dr. Tesemma was deliberately indifferent to Plaintiff's medical needs. Accordingly, Defendants' motion for summary judgment will be **GRANTED** as to Plaintiff's claims against Dr. Tesemma.

### B.     Freeman-Hicks

Plaintiff also claims that Freeman-Hicks violated his Eighth Amendment rights by "fail[ing] to provide and/or secure adequate medical treatment" for Plaintiff's conditions. (Compl. at 28.) Specifically, Plaintiff argues that Freeman-Hicks "failed on multiple occasions to ensure that [Plaintiff] was receiving his pain medications as prescribed and renewed by the doctor, and failed to ensure that the nurses were consistently ordering prescribed medications and keeping them in stock." (*Id.* at 6.) Plaintiff also suggests that Freeman-Hicks has failed to provide him with the new cane ordered by Dr. Tesemma. (*Id.* at 4.)

The record before the Court reflects that Freeman-Hicks' involvement with Plaintiff was limited to grievance responses. (Freeman-Hicks Decl. ¶ 3.) For example, on April 16, 2013, Plaintiff submitted an Informal Complaint asking about receiving his new cane. (*Id.* at 5.) Freeman-Hicks responded that Plaintiff was welcome to try one of the standard canes medical had available, and that Dr. Tesemma had ordered that Plaintiff receive a tall cane. (*Id.*) While the DOC "held at the last grievance level that [Plaintiff] should have a tall cane, [Freeman-Hicks does]

not have any recollection of being involved at that stage of the grievance process." (*Id.* ¶ 3.) Nevertheless, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, "there is no liability under § 1983 for a prison administrator's response to a grievance or appeal." *Brown v. Va. Dep't of Corr.*, No. 6:07cv00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009). Moreover, Freeman-Hicks did not deliberately fail to order medications or accommodations for Plaintiff's medical needs. (Freeman-Hicks Decl. ¶ 3.)

In response, Plaintiff asserts that Plaintiff twice made Freeman-Hicks aware that Dr. Tesemma had ordered a new tall cane and that Plaintiff had "slipped from under his cane." (ECF No. 46 at 24.) However, in the absence of other corroborating evidence, Plaintiff's self-serving affidavit is insufficient to allow him to defeat summary judgment. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1986) (noting that "self-serving opinions without objective corroboration" are not sufficient to survive summary judgment). Furthermore, "[t]he objection of [Rule 56 of the Federal Rules of Civil Procedure] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

In sum, the record reflects that Freeman-Hicks was not deliberately indifferent to Plaintiff's medical needs, particularly Plaintiff's need for a tall cane and his receipt of medications. Accordingly, Defendants' motion for summary judgment will be **GRANTED** as to Plaintiff's claims against Freeman-Hicks.

### C. Moore

Plaintiff also claims that Moore violated his Eighth Amendment rights by "fail[ing] to provide and/or secure adequate medical treatment" for his conditions. (Compl. at 29.)

Specifically, Plaintiff contends that Moore "failed on multiple instances to ensure that [Plaintiff] was receiving his medications as prescribed, including ordering the case that [Dr.] Tesemma prescribed nearly a year ago." (*Id.* at 7.)

The record before the Court, however, reflects that Moore "did not verify that every inmate's medications on every occasion were received or ordered." (Moore Decl. ¶ 4.) She "did not deliberately fail to order or cause anyone to fail to order any medications or accommodations for [Plaintiff]." (*Id.*) Orders for medication were "submitted to the pharmacy." (*Id.*) Moore's involvement with Plaintiff was limited to grievance responses. (*Id.*) For example, on June 21, 2013, Plaintiff submitted an Informal Complaint regarding Dr. Tesemma's previous referral to an orthopedic specialist and a neurosurgeon. (*Id.* at 3.) Moore responded that, upon review of Plaintiff's record, she only saw that Dr. Tessemma had referred Plaintiff "for [his] eye." (*Id.*) Again, however, simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, "there is no liability under § 1983 for a prison administrator's response to a grievance or appeal." *Brown v. Va. Dep't of Corr.*, No. 6:07cv00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009).

In response, Plaintiff contends that Moore is untruthful because, as the Health Services Administrator, Moore "received all medical complaints from prisoners. She may not have answered them all, but she received and was aware of them and had a duty to act, and she did not always do so . . . ." (ECF No. 46 at 22.) Plaintiff also contends that Moore refused to comply with Dr. Tesemma's order that Plaintiff be provided a new tall cane. (*Id.* at 23.) Again, Plaintiff's self-serving statements are insufficient to allow him to defeat summary judgment as to Moore. *See Evans*, 80 F.3d at 962 (4th Cir. 1986); *see also Lujan*, 497 U.S. at 888. Moreover,

14

Plaintiff fails to demonstrate that the delay in receiving his new cane caused him substantial harm. *See Webb*, 281 F. App'x at 166-67 & n.13 (quoting *Sealock*, 218 F.3d at 1210).

Plaintiff also states that Moore "is further being untruthful when she states that she reviewed Plaintiff's medical records and determined that Dr. Tesemma had referred him to specialists for his back and shoulder." (ECF No. 46 at 22.) According to Plaintiff, this statement "conflicts with Dr. Tesemma's declaration . . . in which he swore to having ordered a referral to a specialist on March 8, 2014." (*Id.*) Second, "Dr. Tesemma made a notation in Plaintiff's medical records on April 15, 2013 in which he referred Plaintiff to a specialist." (*Id.*)

Plaintiff refers to his June 21, 2013, Informal Complaint, to which Moore responded that Dr. Tesemma had only referred Plaintiff "for [his] eye." (Moore Decl. at 3.) Therefore, a referral that Dr. Tesemma may have made on March 8, 2014, nearly a year afterwards, has no bearing on Moore' response. Moreover, Plaintiff's medical records reflect that on April 15, 2013, Plaintiff requested that Dr. Tesemma refer him to an orthopedic specialist. (Medical Records 431.) However, Dr. Tesemma did not make such a referral that day. Thus, Moore correctly responded that Dr. Tesemma had never referred Plaintiff to specialists after seeing him on April 15, 2013.

In sum, the record reflects that Moore was not deliberately indifferent to Plaintiff's medical needs, particularly Plaintiff's need for a tall cane and his receipt of medications. Accordingly, Defendants' motion for summary judgment will be **GRANTED** as to Plaintiff's claims against Moore.

## V. Conclusion

For the aforementioned reasons, Defendants' motion for summary judgment (ECF No. 40) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants.

Plaintiff is advised that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days of the date of entry of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

/s/
_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 26, 2016